IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY E. WALKER, | )<br>) |
| Plaintiff(s), | ) No. C 08-0802 CRB (PR)<br>) |
| vs. | ) ORDER OF DISMISSAL WITH<br>) LEAVE TO AMEND |
| JOHN DOE, et al., | )<br>) |
| Defendant(s). | )<br>) |

Plaintiff, a prisoner at the California Medical Facility in Vacaville, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on December 18, 2005, while he was at the San Francisco County Jail, two correctional officers slammed him against a window, hit him in the face and body, forcibly dragged him to his cell and called him derogatory names. Plaintiff only names Doe defendants.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Although regrettable, plaintiff's allegations that correctional officers called him derogatory names is not enough to implicate the Eighth Amendment. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim). But plaintiff's allegations of use of excessive force may well state a claim for damages under § 1983. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (use of force maliciously and sadistically to cause harm violates 8th Amendment's proscription against cruel and unusual punishment). In order to proceed, however, plaintiff must identify the Doe defendants, and amend his complaint to name them and set forth specific facts showing how each individual defendant violated his rights. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff will be afforded 30 days from the date of this order to identify the unknown Doe defendants and amend his complaint.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple

and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: March 14, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Walker, J3.dwlta.wpd

3