Dear Court Clerk

**RECEIVED**
**FILED**

JUL 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7-12-08

C-08-802 CRB

I had Recieved an Order from the court Dated July 2 08 Order Of service
I also recieved a 60 Dayyextention notice included with a notice of a
discovery acceptence and amendment ordervto ꞈAmend The Doehdefendants.
There was to be a Subpoena Blank form Notedebeing sent but I have not
recieven any yet. Please Re-AdJust the 60 Day extention order to be
noted the same date of receipt when I get it. Thank You !
Also is there a packet on Cival Procedures or filings on Interrogatories
and Rules of the court Packet,I am sorta Having troubleꞈfiguring out
what all to do and who I send stuff to.Im not even sure If I am doing
the subpoena notice right and How I file it. If there is anything to
assist me in a fair way so i could have the tools to effectively   plead
and defend my claim. Please send.

Sincerly Submitted;Jeffrey Walker

**FILED**

JUL - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY E. WALKER,                          )
       Plaintiff(s),                         )    No. C 08-0801 CRB (PR)
       v.                                    )    ORDER OF SERVICE
JANE LOVELLE, et al.,                       )
       Defendant(s).                         )    #10 - pr
_____             )

Plaintiff, a prisoner at the California Medical Facility in Vacaville, has filed a pro se First Amended Complaint for damages under 42 U.S.C. § 1983 ("FAC") alleging that, while he was at the San Francisco County Jail, jail officials denied him adequate mental health treatment. Among other things, plaintiff alleges that despite his mental health history, the named defendants often put him in situations where he was likely to injure himself or attempted suicide.

Liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim for deliberate indifference to serious medical needs against the named defendants and will be ordered served. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff may proceed against the unnamed Doe defendants if, within 60 days of this order, he identifies them via discovery (the clerk is sending him a blank subpoena) and moves to amend to add them.

*JEFFrey WALKER*

**Case Name:** *C-08-08-02*

**Case Number:** *United states District Court*

**Court:** *Northern District of California*

## PROOF OF SERVICE BY MAIL

I, *Jeffrey Walker* declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on *7-13-08* I served the attached: a true copy of the attached:

*see? subpoena and added page
and court order*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

*Attorney General
State of California
455 Golden Gate Ave
San Francisco CA. 94110λ*

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the *7-13-08* at California Medical Facility, Vacaville, California.

*Jeffrey Walker*
Declarant

*Walker*
Declarant's Signature

JEFFrey WALKER

**Case Name:** C-08-08-02

**Case Number:** United states District court

**Court:** Northern District of California

## PROOF OF SERVICE BY MAIL

I, Jeffrey Walker declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on 7-13-08 I served the attached: a true copy of the attached:

See; subpoena and added page
and court order

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

United states District court
Northern District of California
450 Golden Gate Ave
San Francisco CA. 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the 7-13-08 at California Medical Facility, Vacaville, California.

Jeffrey Walker
**Declarant**

Jeffrey Walker
**Declarant's Signature**

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
Northern District of California

JEFFERY E. WALKER

**SUBPOENA IN A CIVIL CASE**

V.

JOHN DOE ET AL.

Case Number:[1]   C-08-0802 CRB(PR)

TO: SanFrancisco county Jail sheriFF Henessy or Head of Jail
850 Bryant st
SanFrancisco CA. 94103

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

see: Added page - plaintiFF Interrogatories ; Request

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jeffrey Walker | 7-13-08 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| CMF  P.O, Box 2000, Vacaville CA. 95696-2000 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SUBPOENA IN A CIVAL CASE No.C-0800802 CRB (PR)

PLAINTIFFS INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENT

Pursuant to Rule 33 and 34,Fed.R.Civ.P The Plaintiff submits the following
Interrogatories and Request for documents to the defendants.
you are directed to answer each of the Interrogatories in writing under oath
and produce each request documents  to be sent to Plaintiff at the adress listed
and noted In this Cival complaint withen 30 Days of Service.

1.State the full Names of Sherriff Officers working CJ 8  Between 10-5-05 to
   05/iw
   10-15-05 working the hours of 5 P.M. to Shift Change working C pod and
   control Booth as well as any surrounding areas including the full Names of
   any and all Sr.Deputies and sergeants working that Unit those days
2Please Produce any and all Cell Log Information on officers Observations
   as well as notations of grooming Dates done per court order,
   Example Patient was allowed to groom at 6 P.M. By Officer ?  *Noted*

3. Please Produce any and all cell Inmates Names and Jail Numbers housed in
   C Pod cells 1-9 Between 10-5-05 to 10-15- ¹ 05

4.Please Produce any and all Mental health Staff and Medical Full names who
   were working those Days.

5. Please Provide The full Name Of JPS Worker Wayne who worked Morning till  i
   after noon On Those Dates C Pod CJ 8   2005

7.Please State The full and complete Name of Sherriff Deputy James who was
   working CJ 8 at those same dates and times 10-5-05 to-10-15-05

8.Please State Full Name of Sergeant working C Pod CJ 8 10-11-05 11 a.m.

Jeffrey Walker F 11343
CMF P.O.Box 2000
Vacaville ca 95696-2000

Plaintiffs Mailing Address

1

2 **FILED**

3 JUL - 2 2008

4 RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 JEFFERY E. WALKER, )
12     Plaintiff(s), ) No. C 08-0802 CRB (PR)
13 )
   vs. ) ORDER
14 )
   JOHN DOE, et al., ) (Docket # 8)
15 )
     Defendant(s). ) #9 -pw
16 _____ )

17

18     Plaintiff, a prisoner at the California Medical Facility in Vacaville, filed a

19 pro se complaint for damages under 42 U.S.C. § 1983 alleging that on December

20 18, 2005, while he was at the San Francisco County Jail, two correctional officers

21 slammed him against a window, hit him in the face and body, forcibly dragged

22 him to his cell and called him derogatory names.  Plaintiff only named Doe

23 defendants.

24     Per order filed on March 14, 2008, the court dismissed the complaint with

25 leave to amend within 30 days.  The court explained that plaintiff must identify

26 the Doe defendants through discovery and file a first amended complaint naming

27 them and setting forth specific facts as to how each individual defendant violated

28 his rights.

1       Plaintiff responded with a discovery request for the court. Per order filed

2   on April 15, 2008, the court explained that plaintiff must conduct his own

3   discovery. The court cannot do it for him. But in the interest of justice, plaintiff

4   was afforded 60 days to identify the Doe defendants through discovery and file a

5   first amended complaint.

6       Plaintiff has not filed a first amended complaint. Instead, he recently filed

7   a request for additional time to conduct discovery to identify the Doe defendants.

8   Good cause appearing, plaintiff's request (docket # 8) is GRANTED. Plaintiff

9   will be afforded a final opportunity to identify the Doe defendants (the clerk is

10  sending him a blank subpoena) and file a first amended complaint within 60 days

11  of this order.

12      The first amended complaint must be simple and concise and must include

13  the caption and civil case number used in this order and the words FIRST

14  AMENDED COMPLAINT on the first page. Plaintiff may not file partial

15  amendments to the original complaint. He must file an amended complaint

16  naming all defendants and specifically alleging how each violated his federally

17  protected rights. Claims and defendants not included in the amended complaint

18  will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th

19  Cir. 1987).

20      Failure to file a proper first amended complaint within the designated time

21  will result in the dismissal of this action.

22  SO ORDERED.

23  DATED: July 2, 2008

                                CHARLES R. BREYER

24                                  United States District Judge

25

26

    G:\PRO-SE\CRB\CR.08\Walker, J3.or2.wpd

27

28                                    2

**Case Name:** _JEFFREY WALKER v. John Doe #.#_

**Case Number:** _C-08-0802 CRB_

**Court:** _united states district court_
_Northern District of California_

# PROOF OF SERVICE BY MAIL

I, _Jeffrey Walker_ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _7-13-08_ I served the attached: a true copy of the attached:

_see: subpoena and attached documents_
_with court order_

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

_united states district court_
_Northern District of California_
_450 Golden Gate Ave_
_San Francisco CA. 94102-_ ~~#####~~ _JW_

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the _7-13-08_ at California Medical Facility, Vacaville, California.

_Jeffery Walker_
**Declarant**

_Jeffery Walker_
**Declarant's Signature**

**Case Name:**   JEFFREY WALKER v JOHN Doe Et. AL

**Case Number:**   C-08-0902 CRB (PR

**Court:**   united states District court
Northern District of California

## PROOF OF SERVICE BY MAIL

I, _Jeffrey Walker_ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _7-13-08_ I served the attached: a true copy of the attached:

see! Subpoena and attached documents
with court order

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

Attorney General
state of California # 1100
455 Golden Gate Ave
San Francisco CA. 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the _7-13-08_ at California Medical Facility, Vacaville, California.

_Jeffery walker_
**Declarant**

_Jeffrey Walker_
**Declarant's Signature**

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

Northern District of California

JEFFERY E. WALKER

**SUBPOENA IN A CIVIL CASE**

V.

JOHN DOE ET AL

Case Number:[1]    **C-08-0802 CRB(PR)**

TO: SHERIFF LEGAL SERVICE
ROOM 456   CITY HALL
1 CARLTON B GOODLETT PLACE
SANFRANCISCO CA 94102

ATTN:Freya A Horne

Assistant Legal Counsel

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See:aAdded Page Attached -*Mailing Address*

1.Transcripts of Interviews *on sheriffs and staff*

including any and all investigation reports.

Jeffrey Walker F 1134:
CMF P.O.BOX 2000
Vacaville Ca 95696-200

*plainti*

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Jeffrey Walker* | *July 13-08* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*C M F , P.O. Box 2000, Vacaville CA. 95696-2000*

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# City and County of San Francisco



## OFFICE OF THE SHERIFF

**Michael Hennessey**
**SHERIFF**

**(415) 554-7225**

May 29, 2008
Ref: AL 2008-062

Jeff Walker F11343
CMF P.O. Box 2000
Vacaville, CA 95696-2000

Dear Mr. Walker,

    I am writing in response to your letter requesting the records of the investigation of assaults on you. I am enclosing a copy of your medical records obtained at your request with your signed release and a taped copy of your interview. Any other investigation records are only available by subpoena.

Sincerely,

Freya A. Horne
Assistant Legal Counsel

enclosures:    Transcript of Interview
                   Investigation Report

**Case Name:**     Jeffery Walker V John & Jane does

**Case Number: s**     1.C-08-0801   2. c-08-0802 3.C-08-0757 CRB PR leave to Amend

**Court:**     UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT CA.

# PROOF OF SERVICE BY MAIL

I, _____Jeffery Walker_____ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on ___3-29-08_____ I served the attached: a true copy of the attached:

sheriff legal counsel Letter sent in nov to & New letter & Documents
court cival
                     Board Of Supervisors
notive 7 case #
                1Dr.carlton B Goodlett Pl # 244

                   SanFrancisco Ca. 94102

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

Board of Supervisors

1Dr.carlton B Goodlett Pl # 244

SanFrancisco Ca 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the ___3-29-08_____ at California Medical Facility, Vacaville, California.

_Jeffery walker_____
            Declarant

_____
            Declarant's Signature

'o Sheriff Legal counsel                                    Nov 26-07


My Name Is Jeff Walker Sr.

I have spoken To L.T. Quantico concerning The Investigation unto
The Assaults complained about against the County Jail Officers and
have been told to contact you.
1.I need a copy of all investigation reports

2.Names Of all officers involved who have been Identified

3.All Medical & Mental health reports from Sanfrancisco General & county
   Jail in wich I sighned a certificayt giving consent to give to  you.
4.Also any Info concerning Who was Identified as medical staff
   Involved with the cutting of my wrist three times in one day
   including officers who were present.

5.Any and all investigations unto the other acts of cutting wrist

I would like to know whats being done and not done were$ am preparing
to file suite against these parties. This info is strikely for legal
purposes.

                     Mr Jeff walker F 11343

                        CMF P.O.Box 2000

                     Vacaville Ca.95696-2000


          Please Forward To me at this adress Thank you

          SanFrancisco County Jail Investigative
       any Qeustions Contact L.T Quantico at 415 554-2380


                        Thank you !

This notice is a Request for any and all Investigation reports conducted

your department concerning any and all complaints i made against the sanfrancisco

county Jail sheriffs Officers and mental health medical staff.

Your department sent me back a notice requiring a subpoena order to the court

Granted my request and this is what i need.

I would also like any and all photos conducted if any.

These Documents and info is strickley needed for cival claim reasons only and

will not be used in any violation of the law.

Sincerly submitted.


1.Copy to the court and another to attorney general

 Dated July 13-08 proof of service enclosed to all parties

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**

JUL - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFERY E. WALKER,                        )
                                          )
          Plaintiff(s),                   )   No. C 08-0802 CRB (PR)
                                          )
     vs.                                  )   ORDER
                                          )
JOHN DOE, et al.,                         )   (Docket # 8)
                                          )
          Defendant(s).                   )          #9 -pw
_____   )

Plaintiff, a prisoner at the California Medical Facility in Vacaville, filed a

pro se complaint for damages under 42 U.S.C. § 1983 alleging that on December

18, 2005, while he was at the San Francisco County Jail, two correctional officers

slammed him against a window, hit him in the face and body, forcibly dragged

him to his cell and called him derogatory names.  Plaintiff only named Doe

defendants.

Per order filed on March 14, 2008, the court dismissed the complaint with

leave to amend within 30 days. The court explained that plaintiff must identify

the Doe defendants through discovery and file a first amended complaint naming

them and setting forth specific facts as to how each individual defendant violated

his rights.

1            Plaintiff responded with a discovery request for the court. Per order filed

2  on April 15, 2008, the court explained that plaintiff must conduct his own

3  discovery. The court cannot do it for him. But in the interest of justice, plaintiff

4  was afforded 60 days to identify the Doe defendants through discovery and file a

5  first amended complaint.

6            Plaintiff has not filed a first amended complaint. Instead, he recently filed

7  a request for additional time to conduct discovery to identify the Doe defendants.

8  Good cause appearing, plaintiff's request (docket # 8) is GRANTED. Plaintiff

9  will be afforded a final opportunity to identify the Doe defendants (the clerk is

10  sending him a blank subpoena) and file a first amended complaint within 60 days

11  of this order.

12            The first amended complaint must be simple and concise and must include

13  the caption and civil case number used in this order and the words FIRST

14  AMENDED COMPLAINT on the first page. Plaintiff may not file partial

15  amendments to the original complaint. He must file an amended complaint

16  naming all defendants and specifically alleging how each violated his federally

17  protected rights. Claims and defendants not included in the amended complaint

18  will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th

19  Cir. 1987).

20            Failure to file a proper first amended complaint within the designated time

21  will result in the dismissal of this action.

22  SO ORDERED.

23  DATED: July 2, 2008

24                          CHARLES R. BREYER
                              United States District Judge

25

26

27  G:\PRO-SE\CRB\CR.08\Walker, J3.or2.wpd

28                                   2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY EUGENE WALKER,

        Plaintiff,

  v.

JOHN DOE 1 et al,

        Defendant.

_____/

Case Number: CV08-00802 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery E. Walker F-11343
CMF
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: July 2, 2008

                    Richard W. Wieking, Clerk
                    By: Barbara Espinoza, Deputy Clerk

Jeffrey Walker F11343
CMF P.O. Box 2000
Vacaville CA. 95696 - 2000

Confedential
legal mail

Office of The Clerk, U.S. District court
Northern District of California
450 Golden Gate Ave
San Francisco, CA. 94102



CA MEDICAL FACILITY

FIRST CLASS

UNITED STATES POSTAGE
MAILED FROM ZIP C...

c/o Crawford    7/13/08