**Case Name:** Walker v John Doe Et, al

**Case Number:** C-08-0802 CRB (PR)

**Court:** United states District court Northern District of california

# PROOF OF SERVICE BY MAIL

FILED
AUG - 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I, Jeffrey Walker declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on Aug-4-08 I served the attached: a true copy of the attached:

see: subpoena and added page and court order

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

United States District court
Northern District of california
450 Golden Gate Ave
San Francisco CA 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the Aug-4-08 at California Medical Facility, Vacaville, California.

Jeffrey Walker
**Declarant**

Jeffrey Walker
**Declarant's Signature**

**Case Name:** Walker v John Doe Et Al

**Case Number:** C-08-0802 CRB (PR)

**Court:** United States District Court Northern District of California

# PROOF OF SERVICE BY MAIL

I, Jeff Walker declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on Aug-4-08 I served the attached: a true copy of the attached: sec: subpoena and added page and court order

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco CA. 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the Aug 4-08 at California Medical Facility, Vacaville, California.

Jeffery Walker
**Declarant**

Jeffrey Walker
**Declarant's Signature**

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

Northern District of California

Jeffrey E. Walker

V.

John Doe Attn. Freya A Horne Sheriff Legal Services

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-08-0802 CRB (PR)

TO: Room 456 City Hall 1 Carlton B Goodlett place San Francisco CA. 94102

Attn: Freya A Horne Assistant Legal Counsel

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see: Attached page.

1. Transcripts of Interviews From Internal affairs Investigation on Assaults on me by sheriffs including photo's or any other evidence colected in Investigation - Including Full names of sheriffs.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | July 28, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Loo, Deputy Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________

DATE SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# City and County of San Francisco

## OFFICE OF THE SHERIFF




Michael Hennessey
SHERIFF

(415) 554-7225

May 29, 2008
Ref: AL 2008-062

Jeff Walker F11343
CMF P.O. Box 2000
Vacaville, CA 95696-2000

Dear Mr. Walker,

I am writing in response to your letter requesting the records of the investigation of assaults on you. I am enclosing a copy of your medical records obtained at your request with your signed release and a taped copy of your interview. Any other investigation records are only available by subpoena.

Sincerely,

Freya A. Horne
Assistant Legal Counsel

enclosures: Transcript of Interview
Investigation Report

**Case Name:** Jeffery Walker V John & Jane does

**Case Number:** s 1.C-08-0801 2. c-08-0802 3.C-08-0757 CRB PR leave to Amend

**Court:** UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT CA.

# PROOF OF SERVICE BY MAIL

I, Jeffery Walker declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on 3-29-08 I served the attached: a true copy of the attached:

sheriff legal counsel Letter sent in nov to & New letter & Documents

court cival

notive 7 case #

Board Of Supervisors

1Dr.carlton B Goodlett Pl # 244

SanFrancisco Ca. 94102

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

Board of Supervisors

1Dr.carlton B Goodlett Pl # 244

SanFrancisco Ca 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the 3-29-08 at California Medical Facility, Vacaville, California.

Jeffery walker
**Declarant**

Jeffery walker
**Declarant's Signature**

'o Sheriff Legal counsel Nov 26-07

My Name Is Jeff Walker Sr.

I have spoken To L.T. Quantico concerning The Investigation unto The Assaults complained about against the County Jail Officers and have been told to contact you.

1.I need a copy of all investigation reports

2.Names Of all officers involved who have been Identified

3.All Medical & Mental health reports from Sanfrancisco General & county Jail in wich I sighned a certificagt giving consent to give to you.

4.Also any Info concerning Who was Identified as medical staff Involved with the cutting of my wrist three times in one day including officers who were present.

5.Any and all investigations unto the other acts of cutting wrist

I would like to know whats being done and not done wereI am preparing to file suite against these parties. This info is strikely for legal purposes.

Mr Jeff walker F 11343

CMF P.O.Box 2000

Vacaville Ca.95696-2000

Please Forward To me at this adress Thank you

SanFrancisco County Jail Investigative

any Qeustions Contact L.T Quantico at 415 554-2380

Thank you !

This notice is a Request for any and all Investigation reports conducted your department concerning any and all complaints i made against the sanfrancisco county Jail sheriffs Officers and mental health medical staff.

Your department sent me back a notice requiring a subpoena order to the court Granted my request and this is what i need.

I would also like any and all photos conducted if any.

These Documents and info is strickley needed for cival claim reasons only and will not be used in any violation of the law.

Sincerly submitted.

1.Copy to the court and another to attorney general

Dated July 13-08 proof of service enclosed to all parties

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

Northern District of California

Jeffrey E. Walker

V.

Doe John Jones et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-08-0757 CRB (PR)

TO: Sanfrancisco county Jail
850 Bryant street
Sanfrancisco ca. 94103

Attn: Sheriff Henessy or Head of Jail.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See: Added page attached

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | July 28, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Loo, Deputy Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Jeffery E. Walker F-11343
CMF
P.O. Box 2000
Vacaville, CA 95696-2000

CV08-00757 CRB

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SUBPOENA IN A CIVAL CASE No c-08-0757 CRB ( PR )

PLAINTIFFS INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENT

Pursuant to Rule 33 and 34,Fed.R.Civ.p The plaintiff submits the following Interrogatories and Request for documents to the defendants.

You are directed to answer each of the Interrogatories in writing Under oath and produce each Requested documents for Inspection and Copying,Or since I am In Custody Send Documents Requested To me at The adress Listed With the Court on This file Number,withen 30 Days of Service.

1.State The Duties of Bendebel Asuncion,CN Working medical or Mental Health at CJ 8 SanFrancisco county Jail S.A.P.H Housing unit in 2005

2.Is This person Still Working There ? If Not Where is New Location /

3.State The Duties Of JANE LOVELLE CJ 8 Cite Manager for SanFrancisco County Jail Mental Health department 2005

4.Is This party still working at The jail ? If Not What is new Location

5.State The Duties of Nilson Stacia,Therapist working Mental Health 2005 at SanFrancisco county Jail and if she Is still working there,If Not what is New location

6.State The names,titles and Duties of all deputies working CJ 8 on 1-3-06 at approxamatly Between The hours of 5 P.M. till shift Change that evening

A.Control booth Officers Full Names ,C pod Officer Monitoring Rounds, Supervisor SerGeant and Sr Deputy

7.State The Procedural policy for safety Cell Placements During May 25-05 to January 17-2006

8.State and Provide The Use of force polocies

9.I am Requesting any and all Grievances Filed by Plaintiff during May 25-05 till january 2006

10.State the names,Titles and duties of all staff members at SanFrancisco county Jail who have responsability for responding to investigating or deciding in-ate grievences That plaintiff submitted from May 25-2007 to Jan-17-06

Interragatories continued

11.State and produce any and all policies concerning self InJurous behavior By Inmates from May 2005 To Jan 17-2006

12.Please provide all Captains full Names and job discription in units---- CJ 8, CJ 1 , CJ 2 , During May 25-05 till Jan 17-06

13.Please note if These captains are still working There at SanFrancisco County Jail or if There is a new Location and Adress.

14 Please also note the nationality of each Captain Requested and Job Hours.

15. Please Provide Restrain chair policy from May 25-08 to Jan -17-06

16.Please Provide any and all investigation Complaint reports,tape recordings, and interview Documents including any photos taken of Injuries of plaintiff Grievences from May 25-05 to Jan 17-06

17.Please Provide any and all Log Outs Of plaintiff being taken to SanFrancisco General hospital and returns from May 25 05 to Jan-17-06

18.Please Provide the Full Name of Lieutenant Paulsson working CJ 2 2005

19.Please Provide the full Name of SRGNT Cabebe Working CJ 8 In May 25-05 to Jan 17-06

20.Please provide all Plaintiffs cell Moves from may 25-05 to jan 17-06 in all units at sanfrancisco county jail

21.State the Names,titles and duties of all officers and supervisors working CJ 8 1-4-06

22.State The captain in Charge Of Unit Inspection CJ 8 and what dates they were on from 1-3-06 to 1-15-06 and nationality Including gender

Jeffrey Walker F11345
CMF P.O. Box 2000
Vacaville CA 95696-2000

CA MEDICAL FACILITY

FIRST CLASS




Confedential
Legal mail

United States District court
Northern District of Californi9
450 Golden Gate Ave
San Francisco CA. 94102

RECEIVED
AUG 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRB

c/o J. Garza
8-4-08