IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED

JEFFREY WALKER,
        plaintiff

V.

Doe James
John Doe
Jane doe supervisor

NO. C08-0802 CRB (PR)

Complaint under 1983 42. U.S.C.
Civil rights Act Request for
Leave to Amend complaint
and to add parties and correct
Filing name.

"Demand For Jury Trial"

The use of Force, maliciously and sadistically to cause harm violates the Eighth Amendments protection against cruel and unusual punishment and constitutes Assault and Battery under state Law. plaintiff was also a mental health patient were the Jail and mental health department Failed to protect him against such acts.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff JEFFREY WALKER pursuant TO RULE 15(a) and 19(a) Fed. R. Civ P, Request Leave to File amended complaint adding a party.

1. The plaintiff in his original complaint named John Doe Defendants.

2. since The Filing of complaint and through some discovery plaintiff has learned that John Doe 2 Line 9 is really Doe James-and Lines 13, Line 27 and Line 4 on statement of claim and Line 2 of Demand and Request For Jury trial compensatory damages, and Line 2 punative.

3. This Court should grant leave Freely to Amend a complaint Foman v Davis, 371 U.S. 178, 182, 83 Sct 277 1962 In trojan corp v sponseller 889 F.2d 108, 112 (6th cir.) cert denied, 494 U.S. 1091 (1990)

Respectfully submitted
JEFFREY Walker  8-31-08
Jeffrey walker                    2.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY WALKER,                          )  NO. C 08-0802 CRB (PR)
                Plaintiff                )
                                         )  AMENDED COMPLAINT
        V                                )
                                         )  Jury Trial Demand
Doe James                                )
John Doe  et al.,                        )
_____
Sued in their Invividual and official
capacities.

        STATEMENT OF CAIM

6. On or about December 18-05 plaintiff Jeffrey Wolker was
incarcerated at sanfrancisco county Jail CJ-8 unit during events
discribed in this complaint.

2. Defendants John Doe 1 and James DOE 2 are county Jail
officers employed by the city and county of sonfrancisco Jail.
They are being sued in their Individual and official capacaties

3. Defendant Jane Doe is supervisory senior officer who was
present and had Failed to intervene and stop defendants
John doe 1 and James doe 2 and who also Failed to report
these acts to his/her supervisor to have offixers disciplined
therefore she is being sued in her official capacities as
supervisor

1

1    4. all defendants have acted and still act under color
2       of state law at all times relevent to this complaint.
3    5. on or About Dec 18 2005 at approximatly 7:30 pm or so
4       plaintiff was let out of his cell in hand cuffs behind him
5       by officer John Doe 1 to get a shave in another room
6       before his court date scheduled the next day.

7    6. while walking with officer John Doe 1 plaintiff made a
8       comment to a female friend of his in response to something
9       she said to him while she was in her cell standing at the glass
0       window.
1
2    7. officer John Doe 1 immediatly then slamed plaintiff
3       face first into the window and then took plaintiff to the
4       ground while defendant hit plaintiff several times in face
5       and body and called plaintiff names.
6
7    8. Another officer James Doe 2 was called who assisted John Doe 1
8       In Excessive use of force draging plaintiff back to his
9       cell.
0    9. plaintiff was not Resisting at any time during these events.
1
2    10. while at plaintiffs cell officer John Doe 1 and James
3       Doe had plaintiff laid out on the floor while officer
4       James Doe steped on plaintiffs hand with his boots on
5       causing pain and brusing
6
7    11. Both officers called plaintiff names humilating him and demening
8       as plaintiff was a mental health patient causing deterioration in treatment.

2.

I swere under penalty of perjury that the

Foregoing statements presented are true and to

my best of my ability to recall and it should

be noted that plaintiff was not resisting during

any of the acts noted X *Jeffrey Walter* 8-31-08
Jeffrey Walter

3.

Demand and Request for jury trial noted

1.compensentory damages in the following amounts:

A.100.000 jointly against defendants John doe 1 and ~~James doe~~ *James doe* 2 for the physic

injuries and emotional as well as mental health issues sustained as a resul

of the plaintiffs beating,and causing of both medical and mental health issue

2.50.000 against Jane doe supervisory official senior deputy who was present

during acts and had failed to stop or intervene cuasing physical and emotio

al and mental health issues due to her neglegence to adequatly intervene.

3. The mental health and county jail are being sued for failing to protect
patient. 100.000

Punative Awardsin the following amounts

/50.000 dollars each against officer John doe 1 and *James poe 2*

20.000 against Jane doe supervisor senior deputy.

100.000 against the state, jail, and mental health

And any other Judgements the court deems appropriate that I dont

Know of

Grant such relief as it may appear that plaintiff is entitiled.

X Jeffrey Walker   9-31-08
  Jeffrey walker

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY WALKER,

    plaintiff

    v

James Doe
John Doe
Jane Doe supervisor

NO. C 08-0802 CRB (PR)

MOTION

Extension of Time Request
until discovery response Filed
so as to Amend the Full and
correct names.

on July 2 08 a notice was given to File a First
Amendment complaint to add the Doe defendants
and an extension of 60 days was given. And a
Blank subpoena Form sent. plaintiff had Imediatly
sent out subpoena on 7-13-08 only it was sent back
because plaintiff sighned the bottom portion of the
subpoena in error. July 28-08 it was mailed
to plaintiff, so on Aug-4-08 plaintiff sent
an order to the clerk to have u.s. marshals
serve sheriff legal services who has all the

Investigation Documents wich should note the complete names of parties involved in case #s C 08-0801 - C08-0757 -

This case C 08-0802 inwich they had investigated all Three acts involved. As soon as they respond, please note it maybe necessary to File a motion to compel because none of my request by regular mail to the Jail is being responded to. I swore under penalty of perjury that I plaintiff JEFFREY WALKER is making every effort to obtain the parties involved Fullnames to no Avail

x ~~Jeffrey walker~~ 9-31-08 request enough time
  ~~Jeffrey~~ walker

as the court see's Fit For them to respond before it necessary to File motion to compel For discovery.

Thank you !        See: Exhibits A
so submitted.      subpoena Filings

Preparation and to request

from 12-08       with over a

Service request for the production

of Documents

sent back July 28-08 — and

2. sent out 403-4 of all Documents

to clerk for service

Exhibit A

**Case Name:** _JEFFREY WALKER v. John Doe ET.AL_

**Case Number:** _C-08-0802 CRB_

**Court:** _United states District Court_
_Northern District of California_

## PROOF OF SERVICE BY MAIL

I, _Jeffrey walker_ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _7-13-08_ I served the attached: a true copy of the attached:

_see! subpoena and attached documents_
_with court order_

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

_united states District court_
_Northern District of california_
_450 Golden Gate Ave_
_san francisco CA. 94102- Jw_

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the _7-13-08_ at California Medical Facility, Vacaville, California.

_Jeffery walker_
**Declarant**

_Jeffrey walker_
**Declarant's Signature**

29

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

JEFFERY E. WALKER

V.

JOHN DOE ET AL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   C-08-0802 CRB(PR)

TO: SHERIFF LEGAL SERVICE
ROOM 456  CITY HALL
1 CARLTON B GOODLETT PLACE
SANFRANCISCO CA 94102

ATTN:Freya A Horne

Assistant Legal Counsel

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See:a Added Page Attached - *mailing address*

1.Transcripts of Interviews *on sheriffs and staff*
including any and all investigation reports.

Jeffrey Walker F 11343
CMF P.O.BOX 2000
Vacaville Ca 95696-200

| PLACE | DATE AND TIME  *plaintiff* |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jeffrey Walker* | *July 13-08* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*CMF, P.O.Box 2000, Vacaville CA 95696-2000*

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

JEFFERY EUGENE WALKER,

      Plaintiff,

v.

JOHN DOE 1 et al,

      Defendant.
_____/

Case Number: CV08-00802 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery E. Walker F-11343
CMF
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: July 2, 2008

                    Richard W. Wieking, Clerk
                    By: Barbara Espinoza, Deputy Clerk

# City and County of San Francisco

## OFFICE OF THE SHERIFF



**Michael Hennessey**
**SHERIFF**

(415) 554-7225

May 29, 2008
Ref: AL 2008-062

Jeff Walker F11343
CMF P.O. Box 2000
Vacaville, CA 95696-2000

Dear Mr. Walker,

   I am writing in response to your letter requesting the records of the investigation of assaults on you. I am enclosing a copy of your medical records obtained at your request with your signed release and a taped copy of your interview. Any other investigation records are only available by subpoena.

                              Sincerely,

                              Freya A. Horne
                              Assistant Legal Counsel

enclosures:   Transcript of Interview
              Investigation Report

**Case Name:** Jeffery Walker V John & Jane does

**Case Number:** s   1.C-08-0801   2. c-08-0802 3.C-08-0757 CRB PR leave to Amend

**Court:**   UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT CA.

# PROOF OF SERVICE BY MAIL

I,   Jeffery Walker   declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on   3-29-08   I served the attached: a true copy of the attached:

sheriff legal counsel Letter sent in nov to & New letter & Documents court cival

Board Of Supervisors

notive 7 case #

1Dr.carlton B Goodlett Pl # 244

SanFrancisco Ca. 94102

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

Board of Supervisors

1Dr.carlton B Goodlett Pl # 244

SanFrancisco Ca 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the   3-29-08   at California Medical Facility, Vacaville, California.

_Jeffery Walker_
**Declarant**

_Jeffery Walter_
**Declarant's Signature**

To Sheriff Legal counsel                                    Nov 26-07

My Name Is Jeff Walker Sr.

I have spoken To L.T. Quantico concerning The Investigation unto
The Assaults complained about against the County Jail Officers and
have been told to contact you.
1.I need a copy of all investigation reports
2.Names Of all officers involved who have been Identified
3.All Medical & Mental health reports from Sanfrancisco General & county
  Jail in wich I sighned a certificaÿt giving consent to give to  you.
4.Also any Info concerning Who was Identified as medical staff
  Involved with the cutting of my wrist three times in one day
  including officers who were present.
5.Any and all investigations unto the other acts of cutting wrist

I would like to know whats being done and not done were$ am preparing
to file suite against these parties. This info is strikely for legal
purposes.

                        Mr Jeff walker F 11343
                        CMF P.O.Box 2000
                        Vacaville Ca.95696-2000

              Please Forward To me at this adress Thank you

              SanFrancisco County Jail Investigative
          any Qeustions Contact L.T Quantico at 415 554-2380

                        Thank you  !

This notice is a Request for any and all Investigation reports conducted
your department concerning any and all complaints i made against the sanfrancisco
county Jail sheriffs Officers and mental health medical staff.
Your department sent me back a notice requiring a subpoena order to the court
Granted my request and this is what i need.
I would also like any and all photos conducted if any.
These Documents and info is strickley needed for cival claim reasons only and
will not be used in any violation of the law.
Sincerly submitted.

1.Copy to the court and another to attorney general
 Dated July 13-08 proof of service enclosed to all parties

**Case Name:**  _Walker v John Doe et, al_

**Case Number:**  _C 08-0802 CRB (PR)_

**Court:**  _United states District court_
_Northern District of California_

## PROOF OF SERVICE BY MAIL

I, _Jeffrey Walker_  declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on  _Aug -4-08_  I served the attached: a true copy of the attached:

_see: subpoena and added page and court order_

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

_United states District court_
_Northern District of California_
_450 Golden Gate Ave_
_San Francisco  CA 94102_

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the _Aug-4-08_ at California Medical Facility, Vacaville, California.

_Jeffrey Walker_
**Declarant**

_Jeffrey Walker_
**Declarant's Signature**

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

Northern District of California

Jeffrey E. Walker

**SUBPOENA IN A CIVIL CASE**

V. .

John Doe *ATTN: Freya A Horne*
*Sheriff Legal Services*
TO: *Room 456 CITY HALL*
*1 CARLTON B GOODLETT place*
*San Francisco CA. 94102*

Case Number:[1] C-08-0802 CRB (PR)

*ATTN: FREYA A HORNE*

*ASSISTANT LEGAL COUNSEL*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *see: Attached page.*

*1. TRANSCRIPTS of Interviews From Internal affairs Investigation*
*on Assaults on me by sheriffs including photos or any other evidence*
*collected in Investigation. Including Full names of sheriffs.*

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | July 28, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Loo, Deputy Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Jeff
CMF P.O. Box 2000
Vacaville CA. 95696-2000

Confedoratial
Legal mail

Northern District of Calif
450 Golden Gate Avenue
San Francisco CA. 94102



CA MEDICAL FACILITY

FIRST CLASS